1  Michael C. Ormsby
   United States Attorney
2  Eastern District of Washington
   Timothy J. Ohms
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5

6
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,          )
                                      )
9              Plaintiff,             )
                                      )        12-CR-00138-TOR
10        vs.                         )
                                      )        United States' Sentencing
11 MICHAEL JAMES PAUCKERT,            )        Memorandum
                                      )
12             Defendant.             )

        Plaintiff, United States of America, by and through Michael C. Ormsby,

United States Attorney for the Eastern District of Washington, and Timothy J.

Ohms, Assistant United States Attorney for the Eastern District of Washington,

submits herewith the United States' Sentencing Memorandum.

        In accordance with the Supreme Court's decision in *United States v. Booker*,

543 U.S. 220 (2005), sentencing courts must engage in a two-step process when

imposing a sentence. The first step requires a court to calculate properly the

advisory Guidelines sentencing range. *See United States v. Cantrell*, 433 F.3d

1269, 1279-80 (9th Cir. 2006). A sentencing court should use this range as a

starting point for its assessment of an appropriate sentence. *Id.* The second step

requires a sentencing court to impose a "reasonable" sentence in light of all the

factors under 18 U.S.C. § 3553(a). *See United States v. Marcial-Santiago*, 447

F.3d 715, 717 (9th Cir. 2006).[1] A wide range of sentences may be deemed

_____

        [1] *Cf. United States v. Zolp,* 479 F.3d 715, 722 (9th Cir. 2007) (the scheme of

downward and upward departures is treated as essentially replaced by the

requirement that judges impose a "reasonable" sentence).

United States' Sentencing Memorandum - 1

P30822jm.TOD.wpd

reasonable. *See United States v. Mohamed,* 459 F.3d 979, 989 (9th Cir. 2006)

("reasonableness is a range, not a point." (quoting *United States v. Cunningham,*

429 F.3d 673, 679 (7th Cir. 2005)).

In fulfilling its responsibilities under 18 U.S.C. § 3553, the court is not

limited in the information that it may consider and may consider any evidence that

bears upon the defendant's background, character, and conduct:

> No limitation shall be placed on the information concerning the
> background, character, and conduct of a person convicted of an
> offense which a court of the United States may receive and consider
> for the purpose of imposing an appropriate sentence.

18. U.S.C. § 3661. The information which the court may consider extends to prior

allegations for which no criminal charges were filed or for which a defendant was

previously acquitted. *United States v. Putra*, 519 U.S. 148 (1997).

In the present case, the government will seek to supplement the information

in the Presentence Report with testimony from the following two witnesses:

(1) FBI Special Agent Bomb Technician Leland McEuen. SABT McEuen

was the federal case agent assigned to the investigation of this case. SABT

McEuen will be called to testify concerning his observations and conclusions

regarding the explosive device that formed the basis of Counts 2 and 3 of the

Indictment. Based on his training and experience, he has specialized knowledge of

the manufacture, fusing, and detonation characteristics of improvised explosive

devices similar to the device recovered in this case. A photograph of components

of the explosive device possessed by the Defendant in this case is attached as

Exhibit 1.

(2) Idaho Dept. of Corrections, Senior Parole Officer, Maria Howard.

Officer Howard supervised the Defendant during the period of the incidents in this

case. Officer Howard will be called to testify concerning the Defendant's behavior

and violations of conditions of his parole leading up to his absconding from

supervision. Officer Howard will testify that the Defendant ultimately refused

treatment and refused polygraph examinations that had been ordered by the court. Prior to this, polygraph examinations administered to the Defendant indicated deception in response to relevant questions. A Report of Parole Violation dated April 5, 2012, and Addendum to the Report of Parole Violation dated May 30, 2012, are attached as Exhibit 2. The investigation revealed that the Defendant had researched Officer Howard's home address. Officer Howard will testify that the Defendant had no legitimate reason for obtaining her home address.

Although *Booker* requires the court to consider the factors identified in 18 U.S.C. § 3553(a), that requirement "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See Rita v. United States*, 551 U.S.338 (2007); *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006). The factors a sentencing judge must consider are the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed educational training, medical care, or other correctional treatment. A sentencing court  must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

In the present case, the Defendant's conduct leading up to his arrest on May 23, 2012, indicates a pattern of escalating criminal behavior and planning toward further criminal activity. The diversity of the Defendant's criminal conduct, his circumstances at the time as a convicted sex offender on warrant status, his history, and other related uncharged conduct indicate that the Defendant poses a risk to the public and that a substantial sentence is necessary in order to mitigate that risk.

United States' Sentencing Memorandum - 3

1    We begin in this case with a Defendant who has a prior conviction for a
2    violent felony offense and who has previously engaged in the unlawful possession
3    of firearms.  Thus, he is a recidivist with specific reason to understand the
4    restrictions imposed on him regarding the possession of firearms.  His awareness
5    of these restrictions is further evidenced by his use of a straw purchaser in order to
6    acquire the firearm.  The Defendant's prior sentence for residential burglary and
7    possession of stolen firearms did not deter him from engaging in further unlawful
8    conduct involving the possession of firearms.

9    As noted in the PSR and elsewhere in briefing, the Defendant also has two
10   prior convictions for statutory rape against two separate victims.  These placed an
11   obligation on the Defendant to register his residence.  In addition, SABT McEuen
12   characterized materials found in the residence as a "rape kit" or materials that
13   would be useful in committing a sexual assault.  Thus, there is legitimate reason for
14   concern that the Defendant was planning and/or preparing to commit further sexual
15   offenses.  In addition, as a result of his prior convictions for statutory rape, the
16   Defendant was required to submit to polygraph examinations as directed by his
17   parole officer.  When these examinations indicated deception, the Defendant failed
18   to report for further examinations and ultimately absconding from supervision.

19   While he was on warrant status, the Defendant constructed an explosive
20   device, powered by Pryodex and triggered remotely by a wireless doorbell and
21   "electric matches" fashioned from Christmas lights.  The device had a separate
22   plastic tube containing screws and other improvised shrapnel taped to one side of
23   its casing.  The side of the casing where the shrapnel was attached had been filed or
24   shaved in a manner that would weaken the casing at that point.  The shrapnel and
25   its manner of placement on the casing indicate that the shrapnel was intended to be
26   directional.  Thus, it was specifically designed to kill or maim persons or, at a
27   minimum, its design was consistent with that intent.  The triggering mechanism
28   required the Defendant to be in a line of sight with the device when setting it off.

United States' Sentencing Memorandum - 4
P30822jm.TOD.wpd

Thus, he would see the intended target pick up or approach the device before setting it off.  Taken in conjunction with the fact that the Defendant was researching the home addresses of his parole officer and others in law enforcement and that his relationship with his parole office had become complicated by the Defendant's inability to "pass" his court-ordered polygraph examinations, the Defendant's conduct in researching and constructing the explosive device is especially grave.

In addition to the foregoing, the Defendant had acquired the equipment, expertise, and interest in manufacturing fraudulent identifications.  In the context of the Defendant's other conduct in his case, the Defendant's interest and ability in the creation of fraudulent identifications is more aggravating for sentencing purposes than similar conduct committed by others who were not engaged in other significant criminal conduct.  Fraudulent identifications are tools for the commission of other criminal acts.  In this case, the evidence of what those other criminal acts may be is not limited to fraud but includes significant crimes of violence and sexual misconduct.

In summary, the Defendant in this case was a sexual offender on warrant status, who had armed himself with a firearm and an explosive device, acquired the means to create fraudulent identifications, packed materials useful in the commission of a sexual assault, and researched potential targets for retaliation. Taken together, the sum of this information is alarming and is more serious for sentencing purposes that the individual acts viewed in isolation.  The government contends that the 3553 intend for the Defendant's conduct to be viewed in context and for the court to consider the natural consequences of the Defendant's planning and preparation in the light of his criminal history.  A consideration of the 3553 factors in this case result in a conclusion that the Defendant should receive a sentence substantially above the advisory Guideline range as set forth in the PSR.

United States' Sentencing Memorandum - 5

P30822jm.TOD.wpd

1    Based on the forgoing, the government anticipates recommending a sentence

2 of at least 15 years in custody, which is the statutory maximum penalty for Count

3 5.  In addition, the government anticipates recommending that the court consider

4 imposing consecutive terms of imprisonment, if necessary, in order to accomplish

5 the total punishment determined appropriate by the court.  Finally, the government

6 anticipates recommending consecutive terms of supervised release in order to

7 ensure the safety of the community following the Defendant's release from

8 custody.

9    DATED August 22, 2013.

10                              Michael C. Ormsby
                               United States Attorney
11

12                              s/Timothy J. Ohms

13                              Timothy J. Ohms
                               Assistant United States Attorney
14

15    I hereby certify that on August 22, 2013, I electronically filed the foregoing

    with the Clerk of the Court using the CM/ECF System which will send notification
16
    of such filing to the following, and/or I hereby certify that I have mailed by United
17
    States Postal Service the document to the following non-CM/ECF participant(s):
18

19                Robert R. Fischer
                 Federal Defenders of Eastern Washington and Idaho
20               10 North Post Street, Suite 700
                 Spokane, WA 99201
21

22                              s/Timothy J. Ohms

23                              Timothy J. Ohms
                               Assistant United States Attorney
24

25

26

27

28

United States' Sentencing Memorandum - 6