

FILED

JUN 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30274 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00138-TOR-1 |
| v. | |
| MICHAEL JAMES PAUCKERT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted
May 7, 2015—Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[**] Senior District Judge.

Michael James Pauckert appeals his sentence for unlawfully possessing a firearm, an explosive, and materials for creating fraudulent identifications. Pauckert contends that his sentence was procedurally and substantively

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

unreasonable. We have jurisdiction under 28 U.S.C. § 1291. We vacate the sentence and remand to the district court for further action.

**1.** The district court properly imposed a sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Pauckert's instruction to Dodge to destroy the printers that were used to create the fraudulent identification materials may be subject to more than one interpretation, but the district court did not clearly err in concluding that the instruction was given with the purpose of destroying material evidence. *See United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008) (holding that district court's factual findings for purposes of obstruction enhancement are reviewed for clear error). Under § 3C1.1, Application Note 4(D), "directing or procuring" someone to destroy evidence material to an investigation or judicial proceeding qualifies as obstruction. To be material, it is enough that the conduct had the potential to obstruct—actual obstruction is unnecessary. *See United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993). Destruction of the printers meets that standard.

We reject Pauckert's argument that because the FBI investigator did not think the printers were necessary evidence and did not seize them, they were necessarily not material. Because Pauckert's instruction to get rid of the printers occurred shortly after Pauckert's arrest and substantially before Pauckert's guilty

plea, the attempted destruction of equipment used to produce his fraudulent kits had the potential to affect the investigation and trial.

**2.**     The district court committed serious procedural error when it miscalculated the Guidelines range for the hypothetical offense that it used as a cross-check on the Guidelines range for Pauckert's offenses of conviction. The district court began its hypothetical Guidelines calculation for attempted second-degree murder by assuming that Pauckert would have been convicted of second-degree murder, which generates a base offense level of 38. *See* U.S.S.G. § 2A1.2. After deducting three levels for an attempt and three for acceptance of responsibility, the district court reached a final offense level of 32, which, with a criminal history category of V, produced a Guidelines range of 188 to 235 months.

This was incorrect. Attempted murder would give a base offense level of 27. *See id.* § 2A2.1(a)(2). Using this base offense level, and applying the same 3-level reduction for acceptance of responsibility, the correct final offense level was 24, giving a Guidelines range of 92 to 115 months. Even applying a two level enhancement for obstruction of justice, the range is 110 to 137 months—with the maximum in this range giving a sentence lower than the 144 months that the district court imposed. There was a significant upward variance, the hypothetical offense was repeatedly emphasized, and the district court apparently believed that

3

it was imposing a sentence substantially lower than what Pauckert would have received had he been convicted of attempted murder. We need not decide here a rule for all cases on the propriety of using hypothetical offenses at sentencing. But if a district court is going to rely on one, it must at least calculate the Guidelines range for the hypothetical offense correctly.

For guidance on remand, we note that although the district court's conclusion that Pauckert had mortal intentions was not clearly erroneous, the record does not support the conclusion that Pauckert made a substantial step toward the completion of the murder. "Mere preparation to commit a crime does not constitute a substantial step." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011) (internal quotation marks omitted). Rather, "[e]ven when the defendant's intent is clear, his actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (internal quotation marks omitted). Testimony at sentencing suggested that the bomb had been armed at some point but was unarmed when discovered by FBI agents. There is no evidence that Pauckert contacted or threatened any person for whom he had searched online, nor other evidence that in our view goes beyond "mere preparation."

**3.**     Because we vacate Pauckert's sentence, we do not reach his other claims of procedural error other than to say that on remand, the district court should reconsider the admission of testimony about Pauckert's polygraph responses in light of *United States v. Bahr*, 730 F.3d 963 (9th Cir. 2013).  We do not reach whether Pauckert's sentence was substantively unreasonable.

**4.**     We reject Pauckert's request to reassign this matter to another district judge on remand.  The district court's reliance on a hypothetical offense in sentencing and references to sentences imposed in cases the judge had prosecuted did not show bias and were not the type of unusual circumstances that warrants reassignment.  Nor do we think that the district court will have any difficulty in making a fair ruling based on the evidence properly before it on remand.

     **VACATED and REMANDED.**